## (May 27, 1959)

In the Matter of WILLIAM S. OZGA, Petitioner, against the SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF KINGS, et al., Respondents.— Application granted to the extent of restraining the Supreme Court of the State of New York, County of Kings, from exercising jurisdiction or entertaining further proceedings in a special proceeding entitled " Mary E. Becker, an infant, by her guardian ad litem, Anthony C. Ippolito, Petitioner, against

Frances C. Ozga and William S. Ozga, Respondents." (Index number 6087/1959.) On this record, the courts of this State are without jurisdiction to adjudicate the custody of the infant. From the papers submitted it appears without contradiction that all the parties involved, except the guardian ad litem, are actual nonresidents of this State. The natural mother resides in the Commonwealth of Pennsylvania; the infant resides in the State of New Jersey, and the adoptive parents reside in the State of New Jersey. It further appears that the good faith of the adoptive parents in establishing their New Jersey residence has not been put in issue by the answer and that they established such residence at a time when there was no court order barring them from changing their residence or the residence of the infant and when they had an absolute right to make such change. Under the circumstances the courts of this State lack jurisdiction (Civ. Prac. Act, § 1230; *People ex rel. Winston* v. *Winston,* 31 App. Div. 121; *People ex rel. Herzog* v. *Morgan,* 287 N. Y. 317; *Finlay* v. *Finlay,* 240 N. Y. 429; *Matter of Hubbard,* 82 N. Y. 90; *People ex rel. Pritchett* v. *Pritchett,* 1 A D 2d 1009). Nolan, P. J., Wenzel, Beldock and Kleinfeld, JJ., concur; Murphy, J., dissents and votes to dismiss the proceeding, with the following memorandum: It is obvious that the adoptive parents moved to New Jersey as a strategem in order to avoid the jurisdiction of our courts. They should not be permitted to do this.