STATE OF NEW YORK, Appellant, *v.* DONALD F. DAVIES, Respondent, et al., Defendants.

Third Department, December 20, 1965.

*Louis J. Lefkowitz*, Attorney-General (*Jeremiah Jochnowitz* and *Ruth K. Toch* of counsel), for appellant.

*Twining & Fischer* (*Maxwell B. Spoont* of counsel), for respondent.

REYNOLDS, J. This is an appeal from an order and judgment of the Supreme Court, Broome County, granting a motion to dismiss the complaint as to the respondent, Donald F. Davies, on the ground that the court did not have personal jurisdiction over respondent (CPLR 3211, subd. [a], par. 8).

This action was brought by the State against the Associated Building Contractors of the Triple Cities, Inc., its officers, including respondent Davies its executive secretary, and its member corporations for alleged violations of section 340 of the General Business Law. Specifically the complaint asserts that the defendants conspired and agreed to eliminate specifications from certain public agencies' building construction contracts, to influence agencies, owners and architects to eliminate such specifications, to boycott and refuse to bid on contracts containing such specifications, and to adopt uniform terms and conditions relating to such contracts. It is also alleged that the defendants engaged in threats and other means of compulsion to obtain these ends and that respondent Davies in particular secured information, examined specifications, prepared bids, and engaged in a boycott, all with reference to a named public project and all in furtherance of the alleged conspiracy. As relief, the State sought an injunction (General Business Law, § 342) and civil monetary penalties (General Business Law, § 342-a). Since respondent Davies was a resident of Ohio at the time the action was commenced, personal jurisdiction was sought to be effected pursuant to CPLR 302, and it is from the denial by the court below of the applicability of this section to respondent Davies that the present appeal is brought.

The court below determined that CPLR 302 is not applicable to a nondomiciliary who, at the time of the commission of the acts which would invoke CPLR 302, was a domiciliary. Since CPLR 313 allows personal service outside the State only as to nonresident domiciliaries, such a position would preclude personal jurisdiction over the instant respondent. We cannot perceive that the Legislature could have intended such a " gap " and accordingly we hold that CPLR 302 is applicable to a

defendant who is a domiciliary at the time he commits one of the prescribed acts but a nondomiciliary at the time of service as well as a defendant who is a nondomiciliary both at the time of the commission of the act and at the time of service (see *O'Connor* v. *Wells,* 43 Misc 2d 1075; *Voskrensenkaya* v. *Bary,* N. Y. L. J., Aug. 6, 1964, p. 9, col. 2; *Samoiloff* v. *Bary,* N. Y. L. J., July 24, 1964, p. 9, col. 1; McLaughlin, Civil Practice, 16 Syracuse L. Rev., 419, 436). *Kurland* v. *Chernobil* (260 N. Y. 254) is inapposite here.

Respondent asserts that even assuming he is subject to service despite his change of domicile, his actions did not come within the purview of CPLR 302 (subd. [a], par. 1) or 302 (subd. [a], par. 2) and even if they did, the present suit by the State is improper. If the present suit were brought by private individuals there would seem little question that CPLR 302 (subd. [a], pars. 1, 2) would be applicable since we find that the cause of action asserted arose from the transaction of business within the State (*Longines-Wittnauer* v. *Barnes & Reinecke,* 15 N Y 2d 443, 467) and from a tortious act committed within the State (*Rourke* v. *Elk Drug Co.,* 75 App. Div. 145). Respondent contends that the State's involvement in the instant case makes such a position untenable. However, despite the fact that the present action seeks redress for a public rather than private wrong and thus is arguably penal in nature (*Loucks* v. *Standard Oil Co.,* 224 N. Y. 99), we find that CPLR 302 is still available. There is no question that even assuming that the present action is penal in nature, it is, nevertheless, a civil proceeding and, therefore, governed by the CPLR (CPLR 101). Furthermore, since CPLR 302 is couched in terms of causes of actions " *arising from* any of the acts enumerated " (emphasis added), and such is, as previously noted, clearly the case here, it is immaterial for the purpose of the applicability of CPLR 302 whether the State's action is, in fact, penal rather than tortious or contractual in nature. Nor is there here involved an attempt to enforce extraterritorially the penal laws of the State (*Huntington* v. *Attrill,* 146 U. S. 657; *Western Transp. & Coal Co.* v. *Kelderhouse,* 87 N. Y. 430); rather there is only an attempt by the State of New York to enforce its own laws in its own courts.

The judgment and order should be reversed, on the law and the facts.

HERLIHY, J. P., TAYLOR, AULISI and HAMM, JJ., concur.

Judgment and order reversed, on the law and the facts, without costs.