Mario Pittoni, J.
Motion by defendant, Mitchell Antman, to vacate the alleged service of the summons and complaint on the ground that this court does not have jurisdiction of the person of defendant, Mitchell Antman, and on the further ground that CPLR 302 is unavailable to plaintiff in this action, is denied.
The action arises out of a transaction of business in New York in 1964, at a time defendant was a resident and domiciliary of New York. Personal service of the summons and complaint was made upon defendant, pursuant to CPLR 302, on January 17, 1966, at which time it is conceded defendant was a resident and domiciliary of Puerto Rico.
Defendant contends that CPLR 302 is unavailable to plaintiff to make service on a nondomiciliary, who, at the time of the transaction of business which invokes CPLR 302, was a resident domiciliary of New York.
The Appellate Division, Third Department, in State of New York v. Davies (24 A D 2d 240, 241-242) recently held “ that CPLR 302- is applicable to a defendant who is a domiciliary at the time he commits one of the prescribed acts but a nondomiciliary at the time of service as well as a defendant who is a *613 nondomiciliary both at the time of the commission of the act and at the time of service
All of the cases submitted by defendant in support of his position are lower court decisions which predate State of New Yorh v. Davies (supra). I agree with the Appellate Division, Third Department; it is inconceivable that the Legislature intended a “ gap ” between CPLR 302 and CPLR 313, which would preclude personal jurisdiction over the instant defendant.
Defendant’s motion to vacate the service of the summons and complaint must, therefore, be denied.