NORMAN MARTIN, Appellant, v DEBORAH L. MARTIN, Respondent.

First Department, May 11, 1976

*Joseph O. Giaimo* of counsel *(Manton, Giaimo,* attorneys), for appellant.

*Richard H. Wels* of counsel *(Allan H. Carlin* with him on the brief; *Moss Wels & Marcus,* attorneys), for respondent.

CAPOZZOLI, J. The petitioner husband initiated this proceeding to secure custody of the children of the parties.

The parties were married in Connecticut in 1969. They lived for a short period of time in New York and then moved to Cleveland, Ohio. Their first child was born on August 8, 1969 and their second child on December 15, 1970. Shortly after the second child was born, the wife separated from her husband and moved to Florida, where she has lived since. In October, 1972, the parties entered into a separation agreement in which the wife retained custody of the children. The wife sued for and obtained a divorce in Florida. The husband appeared in that action. Custody was awarded to the wife and there was also a ratification of the terms of the separation agreement. In January, 1975, the husband took the children to visit with him and allegedly failed to tell the wife where they were, causing her to institute a proceeding in Florida. She was unable to serve the husband with process in that proceeding. The children were returned in June, 1975.

The children were brought to New York by the wife in November, 1975 to allow for a visit with their father. The husband then instituted this proceeding for custody of the children, alleging the mother was unfit to retain them in her custody.

Special Term determined that "the Court has jurisdiction over the matter of the custody of the children of the parties" and then went on to hold that it would decline such jurisdiction.

The allegations contained in the affidavit of the husband make serious charges against respondent, some of which directly involve her treatment of the children. Aside from charges of promiscuity in her home, with her children present, it is also claimed that she locked the children in a car and left it in a parking lot while she went into a tavern. On this occasion a passing stranger called the police to rescue the children who were hysterical. A complaint was filed with the Social Services Department of Clearwater, Florida, which resulted in their carrying out a prolonged investigation. Assurances from the wife caused the charges to be dropped. It is also alleged that the wife is a habitual marijuana smoker and that she put a marijuana cigarette in the mouth of her six-year-old son. She is also alleged to have told her neighbor, whose affidavit is part of the record, that marijuana would help to calm the nerves of the children because they were quite active. In this same affidavit the neighbor further states that she saw marijuana plants in the wife's home which respondent intended to transplant in her back yard. Another charge found in the same affidavit of the neighbor is that the wife admitted sleeping in one bed "with her boy friend and her two children, and she said this would help the children to be sexually uninhibited". There are other allegations of improper conduct against this respondent and it would serve no useful purpose to add to what has already been stated.

The children, who are the subjects of this proceeding, had been in New York for several months prior to the proceeding at Special Term. They had been brought here by respondent and apparently were present in this State at the commencement of that proceeding. Therefore, as Special Term found, New York had jurisdiction over them as the full faith and credit clause does not apply to custody decrees. (*Matter of Bachman v Mejias,* 1 NY2d 575.) In the cited case, at pages 580-581, the court said: " 'But the child's welfare in a custody

case has such a claim upon the State that its responsibility is obviously not to be foreclosed by a prior adjudication reflecting another State's discharge of its responsibility at another time'. (345 U. S. 528, 535-536.) *[May v Anderson, 345 US 528.]* * * * The responsibility for the welfare of the infants endows the court with the power to determine custody irrespective of the residence and domicile of the parents and prior custody orders in a foreign jurisdiction. [Citing cases.] It transcends the rule of comity. Comity is a matter of policy. [Citing cases.] This rule of policy must yield when it conflicts with the dominant domestic duty of the court to guard the welfare of its wards. The individual rights of infants to invoke the protection of the State in which they reside cannot be ignored." Of course, one cannot say whether the charges against this respondent can be proven according to law. However, we believe that a hearing should have been held to determine the issues raised in this proceeding. Therefore, we would reverse, on the law and on the facts, the order and judgment (one paper), entered on February 9, 1976 (GOMEZ, J.), dismissing the petition herein, and would remand this matter for a hearing, without costs.

LUPIANO, J. P., BIRNS, LANE and NUNEZ, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on February 9, 1976, unanimously reversed, on the law and on the facts, and the matter remanded for a hearing, without costs and without disbursements.