■ CARMINE A. BRUNO, Respondent, v JULIE BORAK, Appellant.—Order, Supreme Court, New York County, entered December 15, 1975, denying the defendant's motion to dismiss the complaint for lack of jurisdiction, unanimously modified, on the law, to the extent of dismissing the second cause of action seeking custody of the two infant children, and otherwise affirmed, without costs or disbursements. The plaintiff, Carmine A. Bruno, married the defendant in September, 1967 in New York State. On August 8, 1974 they executed a separation agreement in New York, including provisions for support as well as custody of the infant children. A judgment of divorce was obtained in the Dominican Republic in August, 1974. The terms of the separation agreement survived the decree of divorce and were not merged therein. The separation agreement provided that the wife have sole custody of the children but that her residence be limited to the States of New York, New Jersey, Connecticut, or Pennsylvania. The husband also had visitation rights. After the divorce, the wife remarried and, in May, 1975, she moved with her family to Florida. This action seeking suspension of all support payments, as well as custody of the children, was commenced by the father by personal service of the summons and complaint upon the defendant in Florida. At issue is whether the New York courts lack jurisdiction either over her person or over the subject matter. We are in agreement with the determination of Special Term to the extent that it found in personam jurisdiction over the defendant, since the execution of the separation agreement in New York constituted transaction of business within the State sufficient to obtain jurisdiction pursuant to CPLR 302 (subd [a], par 1) *(Kochenthal v Kochenthal,* 28 AD2d 117), and would be sufficient to cover the subject matter of support payments. However, as to the issue of custody, we find that New York should not entertain jurisdiction under the circumstances of this case, since the children are presently neither domiciliaries nor residents of New York *(Matter of Ozga v Supreme Ct. of State of N. Y., County of Kings,* 8 AD2d 748; cf. *Martin v Martin,* 52 AD2d 144), and we have dismissed the second cause of action accordingly. Concur—Kupferman, J. P., Birns, Capozzoli, Lane and Yesawich, JJ.