OPINION OF THE COURT
Beatrice S. Burstein, J.
Plaintiff motivated this action to recover a money judgment for sums allegedly due and owing to her pursuant to a separation agreement. Among various defenses, defendant claimed the court lacked personal jurisdiction and a hearing was held to resolve this issue.
*572 The parties were married in New York in 1957 and except for a brief two-year period spent in California, where the parties’ only child was born, both resided here until 1966. However, in 1965, they separated, following which plaintiff commenced an action in New York for separation. A motion for alimony and child support pendente lite was granted. Following negotiations, the parties entered into a separation agreement in New York on March 30, 1966, which provided, inter alia, that it was to be governed by the laws of New York and would survive a decree of divorce. Responsive to that agreement, plaintiff withdrew her action for separation and obtained a bilateral Mexican divorce on May 21, 1966 in which the agreement was incorporated, but survived.
In July 1966, plaintiff returned to France; that this was contemplated by the parties is evidenced by the fact that the agreement gave her the right to raise and educate the child in France, and provided for visitation in Europe.
In 1967, defendant visited with the child in New York and during that same year, plaintiff, while a resident of France, commenced an action for arrearage in New York, which she later abandoned. From that date until the commencement of this action (almost 11 years later) neither party has had any contact with this State. Except for a very brief sojourn in New York in 1971, defendant always has resided outside the State. All communications with plaintiff have been directed to her in France, and defendant’s one effort to obtain custody of the child occurred in Delaware.
Any determination of whether a court has acquired in personam jurisdiction over a defendant must focus upon the relationship between that defendant, the forum, and the litigation, and must be governed by " 'traditional notions of fair play and substantial justice’ ”. (International Shoe Co. v Washington, 326 US 310, 316.) These criteria are satisfied when it is shown that the defendant has had "minimum contacts” with the forum State. (International Shoe Co. v Washington, supra, at p 316.) Such contacts may arise from defendant’s transaction of business within this State, when the cause of action sued upon arises from that transaction. (CPLR 302, subd [a], par 1; Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443; Schneider v J & C Carpet Co., 23 AD2d 103.) Obviously, the actual transaction of business in New York need not be contemporaneous with the commencement of the action. (State of New York v Davies, 24 AD2d 240, affd 18 *573 NY2d 950; Meadow Brook Nat. Bank v Burton, 50 Misc 2d 612; Ellam, Inc. v Nieves, 41 Misc 2d 186.)
While the parties’ designation of New York as the State whose law will govern their agreement does not resolve the issue of jurisdiction (Kulko v California Superior Ct., 436 US 84, 98; Shaffer v Heitner, 433 US 186, 215), "the statutory test may be satisfied by a showing of * * * purposeful acts performed by the [defendant] in this State in relation to the contract” whether preliminary or subsequent to its execution. (Longines-Wittnauer Watch Co. v Barnes & Reinecke, supra, at p 457.)
Courts increasingly have held that the negotiation and/or execution of a separation agreement in New York, along with the performance in New York of underlying and/or related acts, constitute the transaction of business, so as to vest in a New York court in personam jurisdiction over a nonresident defendant. (See, e.g., Van Wagenberg v Van Wagenberg, 241 Md 154; Spitz v Spitz, 31 Mass App Dec 124; Bruno v Borak, 52 AD2d 800; Kochenthal v Kochenthal, 28 AD2d 117; Underwood v Underwood, 92 Misc 2d 359; Kassuto v Yalon, 77 Misc 2d 132; Todd v Todd, 51 Misc 2d 94, Meyer, J. [dictum].)
The decision in MacGilvray v MacGilvray (53 AD2d 688), while not on all fours, adumbrates the decision in this case notwithstanding that in the case at bar there are virtually no acts in New York subsequent to the execution of the agreement. In fact, even the entire performance of a contract outside of the State of New York is not a bar to the court’s assertion of jurisdiction, provided other acts have been performed within the State. (Liquid Carriers Corp. v American Mar. Corp., 375 F2d 951; National Iranian Oil Co. v Commercial Union Ins. Co. of N. Y, 363 F Supp 129.) The prolonged absence of any contract between this State and plaintiff is not dispositive since the jurisdictional focus is upon defendant’s and not the plaintiff’s behavior. (See, e.g., National Iranian Oil Co. v Commercial Union Ins. Co. of N. Y., supra.)
In this case, the defendant’s activities in New York included his marriage and the negotiation and execution of the separation agreement. Further, the parties resided in New York as husband and wife and purchased a marital residence here, and this was one of the subjects of the separation agreement.
Accordingly, although there has been a long interval during which there was no contact by either party with this State, *574 the court is constrained to hold that it does have personal jurisdiction over this defendant.
We note, too, that absent a motion by defendant seeking relief upon the ground of forum non conveniens, the court may not, sua sponte, consider dismissal upon that ground (see CPLR 327), despite its extensive calendar congestion. (See "Cooke, Evans to Shift Judges to Ease Civil-Case Backlog,” NYLJ, Sept. 6, 1979, p 1, col 3.)