■ MARGUERITE COLLESANO, Respondent, v JOSEPH R. CALABRO, Appellant.—Order unanimously reversed, on the law, without costs, motion granted and complaint dismissed. Memorandum: Plaintiff, in her complaint, alleges that defendant uttered defamatory statements against her at a time when they were both residents of New York. Plaintiff further alleges that defendant is presently a resident of Tauro, Italy. Defendant was served personally with the summons and complaint at his residence in Italy. Special Term denied defendant's motion to dismiss the complaint because the court lacked jurisdiction over him. This was error.

A "court may exercise personal jurisdiction over any non-domiciliary * * * who in person * * * commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act" (CPLR 302 [a] [2]). Jurisdiction over defendant cannot be predicated upon this statutory provision *(Legros v Irving,* 38 AD2d 53, *appeal dismissed* 30 NY2d 653; *Strelsin v Barrett,* 36 AD2d 923).

Plaintiff's argument that CPLR 302 (a) (2) does not apply here because defendant was a resident of New York when he allegedly committed the tortious act in New York is wholly without merit. "CPLR 302 is applicable to a defendant who is a domiciliary at the time he commits one of the prescribed acts but a nondomiciliary at the time of service as well as a defendant who is a nondomiciliary both at the time of the commission of the act and at the time of service" *(State of New York v Davies,* 24 AD2d 240, 241-242, *affd* 18 NY2d 950; *see also,* Siegel, NY Prac § 85, at 96). (Appeal from order of

Supreme Court, Erie County, McGowan, J.—dismiss complaint.) Present—Dillon, P. J., Doerr, O'Donnell, Pine and Schnepp, JJ.