MITCHELL WILSON, a Minor by Next Friend, Richard Wilson, Plaintiff-Appellee, v. ILLINOIS POWER COMPANY, Defendant-Appellant.

Fifth District No. 5—85—0077

Opinion filed September 25, 1986.—Rehearing denied November 7, 1986.

Lawrence O. Taliana, of Burroughs, Simpson, Hepler, Broom & McCarthy, of Edwardsville, for appellant.

Jerome Mirza & Associates, Ltd., of Bloomington, for appellee.

PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Mitchell Wilson, by his father and next friend, Richard Wilson, filed an action for damages in Madison County, Illinois, alleg-

ing that he sustained personal injuries near Viola, Mercer County, Illinois, through the negligence of defendant, Illinois Power Company. Defendant's unverified motion to transfer venue based upon the grounds of *forum non conveniens* was denied by the trial court. The trial court subsequently struck defendant's verified motion to reconsider this ruling. This court granted defendant's petition for leave to appeal under the provisions of Supreme Court Rule 306(a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)). The facts are as follows.

On August 6, 1984, plaintiff filed the instant cause of action, alleging that defendant's negligent use and maintenance of 7,200-volt power lines in the proximity of a tree in which plaintiff was climbing resulted in plaintiff's being injured when he came into contact with the power lines. On September 7, 1984, defendant filed an unverified motion to transfer venue on the basis of *forum non conveniens* which alleged that: (1) the site of plaintiff's injury, Mercer County, is 200 miles from the Madison County courthouse; (2) Mercer County is available as an alternative forum; (3) the occurrence witnesses reside in Mercer County; (4) several surgeries and medical procedures were performed at hospitals in Rock Island and Moline, Illinois, which are located within 50 miles of the Mercer County courthouse; (5) due to the location of the witnesses and sources of proof, it would be more expensive for the parties to conduct litigation in Madison County than it would be in Mercer County; (6) plaintiff would receive a fair trial in Mercer County; (7) Madison County is a more congested forum than Mercer County; and (8) plaintiff's attorney's office is 5 miles closer to the Mercer County courthouse than it is to the Madison County courthouse. Plaintiff's unverified response to this motion stated that: (1) since plaintiff is currently receiving medical care, treatment, and rehabilitation in St. Louis, Missouri, transfer to a venue other than Madison County would be inconvenient; and (2) plaintiff's attorney has a substantial number of cases docketed in Madison County and that he regularly practices there. In contrast, plaintiff's attorney has no cases docketed in Mercer County and he has never practiced in Mercer County.

After hearing arguments, the trial court denied the motion, stating that "insufficient cause has been presented to transfer venue." Defendant thereafter filed a motion to reconsider with a verified affidavit which set forth the same allegations contained in the unverified motion to transfer venue. Plaintiff's motion to strike defendant's motion to reconsider on the ground that the motion and affidavit were untimely and repetitious was granted by the trial court.

The defendant appeals from these rulings, asserting that the trial

court abused its discretion in failing to grant its motion to transfer venue based upon *forum non conveniens*. Both parties acknowledge the propriety of Illinois jurisdiction and venue in either Madison County or Mercer County. Plaintiff asserts that defendant's failure to file a verified motion when the trial court first considered the *forum non conveniens* matter resulted in defendant's failure to sufficiently establish the facts so as to overcome defendant's burden of proof.

■ Newly promulgated Supreme Court Rule 187 provides in pertinent part:

> "(b) Proceedings on Motions. Hearings on motions to dismiss or transfer the action under the doctrine of *forum non conveniens* shall be scheduled so as to allow the parties sufficient time to conduct discovery on issues of fact raised by such motions. Such motions may be supported and opposed by affidavit. In determining issues of fact raised by affidavits, any competent evidence adduced by the parties shall also be considered. The determination of any issue of fact in connection with such a motion does not constitute a determination of the merits of the case or any aspect thereof." 107 Ill. 2d R. 187, effective August 1, 1986.

While plaintiff argues that "rules of court" do not condone a defendant's failure to file a verified motion to transfer venue on the basis of *forum non conveniens*, he cites no authority for this proposition. Although Supreme Court Rule 187 was not in effect when the instant motion was decided upon by the trial court, we find the guidance it offers to be persuasive.

Supreme Court Rule 187 explicitly states that *forum non conveniens* motions "may" be supported and opposed by affidavit. If our supreme court had intended that such affidavits be mandatory, it would have used the words "shall" or "must" rather than "may." In the instant case defendant filed an unverified motion alleging certain facts, and plaintiff filed an unverified response which, although alleging additional facts, did not dispute the facts set forth in defendant's unverified motion. Since none of the facts set forth by the parties are in dispute and since these facts were not required to be supported by affidavits, we are in a position to consider the merits on appeal.

■ In ruling on motions to transfer venue on the basis of intrastate *forum non conveniens*, a trial court should consider the following: (1) the availability of an alternative forum; (2) the access to sources of proof; (3) the accessibility of witnesses; (4) the relative advantages and obstacles to obtaining a fair trial; (5) the congestion of the court docket; and (6) the convenience of the parties. Unless these

factors strongly favor the defendant, plaintiff should be allowed his choice of forum. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 351, 456 N.E.2d 601, 607.) We analyze the applicability of the factors to the case at bar as follows.

Venue would be proper in Mercer County; therefore, defendant's suggested alternative forum is available. Although the number of medical and therapeutic witnesses residing in the St. Louis, Missouri, area is unclear, it is undisputed that the occurrence witnesses and a substantial number of medical witnesses reside closer to Mercer County than Madison County. Thus, this factor favors Mercer County. Records of plaintiff's medical treatment are apparently located in proximity to either Madison or Mercer County; however, the injury occurred while plaintiff was climbing a tree located in Mercer County, Illinois. Since a view of the site where the injury occurred may be highly relevant at trial and since the tree cannot be removed without destroying its evidentiary value, Mercer County is more accessible to the sources of proof than Madison County. There are no allegations suggesting an inability to receive a fair trial in either forum, so this factor is of no consequence. The 1984 Annual Report of the Administrative Office of the Illinois Courts shows that Madison County's elapsed time between the filing of a complaint and a verdict in cases similar to the instant case was 35.2 months. In contrast, Mercer County is shown as having virtually no backlog in similar cases. This factor strongly favors Mercer County.

■ In the absence of a showing to the contrary, we must assume that the parties intend to retain present counsel regardless of where the case is tried. (See *Bland v. Norfolk & Western Ry. Co.* (1986), 140 Ill. App. 3d 862, 866, 489 N.E.2d 435, 438, *appeal allowed* (1986), 112 Ill. 2d 557.) Plaintiff's counsel is from McLean County; defendant's counsel is from Madison County. It is undisputed that the occurrence witnesses and a substantial number of medical witnesses reside closer to Mercer County than Madison County. Moreover, although certain witnesses and medical records are located closer to Madison County, the site where the injury occurred is located in Mercer County. While counsel for defendant would not incur substantial expenses interviewing and deposing medical and therapeutic witnesses from St. Louis, Missouri, defendant's counsel would be required to expend a considerable amount of time and resources interviewing and deposing witnesses in and around Mercer County, not to mention the expense of his trying the case there. However, it is defendant, not plaintiff, who has moved for transfer of the cause from Madison to Mercer County. Although it is undisputed that counsel for plaintiff would have to tra-

vel almost identical distances to either location, plaintiff obviously finds Madison County to be a convenient forum. If defendant had established that Madison County was inconvenient to him, the relative convenience or inconvenience of defendant's suggested alternative forum would be a matter to be considered. In the absence of such proof, we conclude that the factor of convenience of the parties favors plaintiff's chosen forum. See *Bland v. Norfolk & Western Ry. Co.* (1986), 140 Ill. App. 3d 862, 866, 489 N.E.2d 435, 438, *appeal allowed* (1986), 112 Ill. 2d 557.

■ Absent an abuse of discretion, the decision of the circuit court in granting or denying a *forum non conveniens* motion will not be disturbed on review. (*Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 384-85, 466 N.E.2d 198, 201.) We note that three factors favor transferring venue to Mercer County: (1) access to witnesses; (2) access to sources of proof; and (3) the relative congestion of the court dockets in Mercer and Madison counties. One factor, the convenience of the parties, favors retaining venue in Madison County. After balancing the factors established in *Torres,* we conclude that the balance strongly favors defendant's motion to transfer venue to Mercer County; consequently, the circuit court's holding to the contrary constitutes an abuse of discretion.

Since we find that the circuit court abused its discretion in denying defendant's motion to transfer venue on the basis of *forum non conveniens,* the judgment of the circuit court of Madison County is reversed and the cause is remanded to the circuit court with an instruction to order a transfer to Mercer County.

Reversed and remanded.

JONES and HARRISON, JJ., concur.