CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, *et al.*, Plaintiffs-Appellants, v. BERTRAND GOLDBERG ASSOCIATES, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—90—2085

Opinion filed November 23, 1992.

Peterson & Ross, of Chicago (Theodore J. Tsoumas, Larry A. Hoellwarth, and Jonathan A. Mugel, of counsel), for appellants.

O'Keefe, Ashenden, Lyons & Ward, of Chicago (Patrick L. Moore, of counsel), for appellee Providence Hospital.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Certain Underwriters at Lloyd's, London (Lloyd's), Walbrook Insurance Co., Ltd., Anglo American Insurance Co., Kraft Insurance Co., Ltd., El Paso Insurance Co., Ltd., Louisville Insurance Co., Ltd., Ludgate Insurance Co., Ltd., Mutual Reinsurance Co., Ltd., Compagnie Europeene D'Assurances Industrielles, S.A., C.E. Heath Underwriting & Insurance (Australia) Pty Ltd., Dominion Insurance Co., Ltd., Compagnie D'Assurances Maritimes, Aeriennes et Terrestres per Camomile Underwriting Agencies, Ltd., Turegum Insurance Co., Government Insurance Office of N.S.W., Assicurazoni Generali S.P.A., and Associated International Insurance Co. (AIIC), appeal an order of the circuit court of Cook County dismissing their complaint against defendants Bertrand Goldberg Associates, Inc. (BGA), and Providence Hospital (Providence) on the ground of *forum non conveniens*. For the following reasons, we affirm.

The record on appeal discloses the following facts. On October 10, 1989, plaintiffs filed a "Complaint for Reformation, Declaratory Judgment and Other Relief" against defendants in the circuit court of Cook County. The complaint alleges that BGA sought insurance from plaintiffs to cover liability arising from BGA's activities as architects and engineers. The complaint also alleges that all parties understood that any insurance policies issued by plaintiffs would not cover negligent acts, errors or omissions which occurred before August 17, 1987, the inception date of the policies. This was allegedly understood because, among other allegations, BGA had been without errors and omissions coverage since May 1, 1985. The complaint al-

leges that due to a mutual mistake of fact, policy documents prepared by a resident agent of Lloyd's, which were also incorporated by reference into a policy issued by AIIC, do not state that the policy provides coverage only from the inception date of the policies.

It is then alleged that on or about July 29, 1988, Providence submitted to BGA a claim seeking damages for alleged negligent acts, errors or omissions in the performance of architectural and engineering services relating to the construction of a replacement hospital in Mobile, Alabama. Providence filed a suit against BGA relating to this claim in the circuit court of Mobile County, Alabama, on November 29, 1988 (the Alabama lawsuit). The alleged negligence in that case took place prior to the inception date of the policies at issue here.

The complaint further alleges that on August 4, 1988, BGA filed suit against Providence in the United States District Court for the Northern District of Illinois (the Federal lawsuit), alleging breach of contract relating to the replacement hospital project.

BGA has requested coverage for the Alabama lawsuit. Plaintiffs declined coverage based on the mutual mistake of fact alleged earlier.

Based on these and other allegations (particularly an allegation that BGA knew of the Providence claim prior to the inception date of the policies), plaintiffs requested that the policies be reformed to reflect that coverage was only retroactive to the inception date of August 17, 1987, and that the court declare that there is no coverage for negligence arising before that date and that plaintiffs do not have to cover, defend or indemnify BGA with respect to the Alabama lawsuit.

The complaint also named Providence as a defendant. The complaint described Providence as an Alabama nonprofit corporation that transacted business in the State of Illinois.

BGA filed an answer and counterclaim for declaratory judgment. Providence filed a special appearance, then moved to dismiss plaintiffs' complaint for lack of personal jurisdiction and to quash return of service. Providence contended that the trial court lacked personal jurisdiction over Providence because it had not transacted business in Illinois.

Plaintiffs responded by amending their complaint to allege additional facts which allegedly demonstrated that the trial court had jurisdiction over Providence. Plaintiffs also filed a memorandum of law in opposition to Providence's motion to dismiss. This memorandum incorporated by reference facts contained in pleadings and affidavits filed in the Federal lawsuit. Plaintiffs attached three documents submitted by BGA in the Federal lawsuit: the initial

complaint; a response to Providence's motion to dismiss or quash return of service in the Federal lawsuit; and a response to that motion which also responded to Providence's motion to dismiss or transfer the Federal lawsuit under the doctrine of *forum non conveniens*.

Providence then filed a reply to plaintiffs' response. The appendix to this document contained additional documents that Providence had filed in support of its motions to dismiss or transfer the Federal lawsuit.

On April 10, 1990, the trial court held a hearing on Providence's motion to dismiss for lack of personal jurisdiction and to quash return of service. The trial court indicated that counsel had provided the court with a written opinion in the Federal lawsuit that did not address the issue of personal jurisdiction but did transfer the Federal lawsuit to Alabama under the doctrine of *forum non conveniens*. During the hearing, the parties discussed issues relating not only to personal jurisdiction but also to *forum non conveniens*. At the conclusion of the hearing, the trial court dismissed the case, including BGA's counterclaim, on the grounds of *forum non conveniens*. The trial court noted that it was influenced by the decision in the Federal lawsuit. The dismissal was without prejudice, subject to refiling in Alabama.

Plaintiffs and BGA moved to vacate the dismissal. On June 20, 1990, the trial court held a hearing on the motion. Following a colloquy and a statement by the trial court regarding the congestion of the court's docket, the motions to vacate were denied. Plaintiffs filed a notice of appeal on July 19, 1990; BGA filed a notice of appeal on July 27, 1990. This court granted a motion to realign BGA as an appellee on November 26, 1990.

I

■ Initially, we must address Providence's argument that plaintiffs have waived their right to present any of the arguments they raise on appeal. First, Providence argues that plaintiffs waived any objection to a ruling based on *forum non conveniens* by raising the doctrine at the hearing, thus inviting the ruling. It is true that a party may not appeal an error which that party invited. (*E.g., J.L. Simmons Co. ex rel. Hartford Insurance Group v. Firestone Tire & Rubber Co.* (1985), 108 Ill. 2d 106, 116, 483 N.E.2d 273, 278.) In this case, the transcript of proceedings seems to indicate that plaintiffs were the first to discuss the appropriateness of the forum. However, a fair reading of the transcript as a whole does not appear to indicate that plaintiffs sought the ruling at issue on appeal.

Second, Providence argues that plaintiffs waived any argument regarding *forum non conveniens* by failing to object to the ruling until they filed their motion to vacate. Questions not raised in the trial court are generally deemed waived on appeal. (*E.g., In re Marriage of Rodriguez* (1989), 131 Ill. 2d 273, 279, 545 N.E.2d 731, 733.) In this case, however, plaintiffs raised the objections raised here in a timely motion to vacate the ruling. Thus, plaintiffs offered the trial court the first opportunity to correct any error, thereby satisfying the concerns at the heart of the waiver rule. *Cf. In re Marriage of Harper* (1989), 191 Ill. App. 3d 245, 246, 547 N.E.2d 574, 575 (waste of judicial resources can be avoided by objection within 30 days of ruling).

## II

■ *Forum non conveniens* is a doctrine based on considerations of fundamental fairness and sensible, effective judicial administration. It allows a court to decline jurisdiction over a case, even though it may have jurisdiction over the subject matter and parties, where it appears that another forum can better serve the convenience of the parties and the ends of justice. (See *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 288, 520 N.E.2d 368, 372.) Generally, a trial court's decision on this issue will not be reversed, absent an abuse of discretion. *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 370, 444 N.E.2d 157, 163.

■ Plaintiffs contend on appeal that the trial court erred because it considered and decided the issue of *forum non conveniens* on its own motion. Plaintiffs note that the pretrial proceedings related to the issue of whether the trial court had personal jurisdiction over Providence, not *forum non conveniens*. In support of their argument, plaintiffs cite Illinois Supreme Court Rule 187(a) (134 Ill. 2d R. 187(a)), which provides:

> "A motion to dismiss or transfer the action under the doctrine of *forum non conveniens* must be filed by a party not later than 90 days after the last day allowed for the filing of that party's answer."

Plaintiffs contend that Rule 187(a) restricts *forum non conveniens* motions to those "filed by a party," thus barring the trial court from acting *sua sponte*.

This argument is not persuasive. The plain language of Rule 187(a) addresses the time frame in which parties may file a motion based on *forum non conveniens*. It does not expressly purport to proscribe who may make such a motion.

Indeed, there does not appear to be any authority in Illinois addressing the question of whether a trial court may invoke *forum non conveniens* on its own motion. States where the doctrine of *forum non conveniens* has been codified, either by rule or statute, may rely on the plain language of that codification to answer the question. (Compare *Country Pride Foods, Limited v. Medina & Medina* (1983), 279 Ark. 75, 648 S.W.2d 485 (statute permits trial court to invoke *forum non conveniens* on its own motion), with *Hurlbut v. Hurlbut* (1979), 101 Misc. 2d 571, 421 N.Y.S.2d 509 (rule bars court from dismissing case on *forum non conveniens* grounds *sua sponte*).) In Illinois, however, the doctrine is rooted in the common law. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 347, 456 N.E.2d 601, 605.) Common law decisions generally permit the trial court to invoke the doctrine *sua sponte*. (Blair, *The Doctrine of Forum Non Conveniens in Anglo-American Law*, 29 Colum. L. Rev. 1, 2 & n.9 (1929) (and cases cited therein); see *Haynes v. Carr* (D.C. App. 1977), 379 A.2d 1178.) Thus, we conclude that the trial court did not abuse its discretion in raising the issue of *forum non conveniens* on its own motion.

## III

■ Plaintiffs next contend that even if the trial court may raise *forum non conveniens* on its own, the trial court erred in this case because the parties were unable to conduct discovery or submit affidavits and other evidence on the issue to the court. In support of this argument, plaintiffs cite Illinois Supreme Court Rule 187(b) (134 Ill. 2d R. 187(b)), which provides:

> "Hearings on motions to dismiss or transfer the action under the doctrine of *forum non conveniens* shall be scheduled so as to allow the parties sufficient time to conduct discovery on issues of fact raised by such motions. Such motions may be supported or opposed by affidavit. In determining issues of fact raised by affidavits, any competent evidence adduced by the parties shall also be considered."

Unlike Rule 187(a), the language of Rule 187(b) seems to be directed to the trial court as well as the parties. The rule directs that the trial court "shall" schedule hearings on *forum non conveniens* motions so as to permit discovery and that the trial court "shall" consider evidence on issues of fact raised by affidavits. Use of the word "shall" suggests that these conditions are mandatory and binding on the trial court. (See *Wilson v. Illinois Power Co.* (1986), 148 Ill. App. 3d 503, 505, 499 N.E.2d 525, 526 (if our supreme court intended that

provision of Rule 187(b) that motions "may" be supported by affidavit be mandatory, it would have used word "shall").)

However, *Wilson* itself stands for the proposition that the parties need not submit affidavits in support of or in opposition to a motion for *forum non conveniens*. (*Wilson*, 148 Ill. App. 3d at 505, 499 N.E.2d at 526.) Thus, while the rule generally requires the trial court to allow time for discovery, this court has recognized that additional materials may be unnecessary to the disposition of the motion. In this case, the trial court was faced with a rather unusual set of circumstances. The parties submitted numerous pleadings from the Federal lawsuit which contained allegations that were relevant (though not directly on point) to the issue of *forum non conveniens*. It was not improper for the trial court to consider the facts alleged in those pleadings. (See *Bond v. Dunmire* (1984), 129 Ill. App. 3d 796, 804, 473 N.E.2d 78, 84; Ill. Rev. Stat. 1989, ch. 110, par. 2—606.) The record indicates that the various factors of a *forum non conveniens* analysis were discussed at the initial hearing and the hearing on the motion to vacate. Plaintiffs failed to specify what additional facts they might show if allowed additional time for discovery, both in their motion to vacate and in oral argument before this court. Given the unique factual matrix in this case, we cannot conclude that a reversal of the trial court is warranted. We turn, therefore, to a consideration of the merits of the trial court's ruling.

## IV

■ "Before dismissing a lawsuit on grounds of *forum non conveniens*, a trial court must weigh a variety of factors and conclude that the balance strongly favors the defendant." (Emphasis omitted.) (*Japax, Inc. v. Sodick Co.* (1989), 186 Ill. App. 3d 656, 666, 542 N.E.2d 792, 798.) These factors include the plaintiffs' choice of forum; the relative ease of access to sources of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; other practical obstacles to trial of the case; the residence of the parties; the relation of the case to the community; the State law to be applied; and the congestion of the court's dockets. See, *e.g., McClain*, 121 Ill. 2d at 288-89, 520 N.E.2d at 372.

■ As the above rules suggest, the trial court will generally defer to the plaintiff's choice of forum. That choice may be entitled to less deference when it is not the plaintiff's county of residence. (See *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 228, 506 N.E.2d 1291, 1296.) In this case, while the record indicates that

Lloyd's resident agent is located in Chicago, the record also shows that trial court noted that Lloyd's is located in many jurisdictions. The record further shows that counsel informed the trial court, upon questioning, that one of the plaintiffs was located in California. These factors may justify the trial court's apparent lack of deference to plaintiffs' choice of forum.

The record does not indicate where other plaintiffs reside; however, at oral argument, counsel indicated that at least some of the other plaintiffs are headquartered abroad. BGA, the insured, is an Illinois corporation. Providence is an Alabama nonprofit corporation.

As for the relative ease of access to proof, the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses, the record indicates that "the broker, who is going to be a key witness in this case, is located in Illinois." The trial court was also aware that witnesses such as Bertrand Goldberg, while domiciled in Illinois, were going to be involved in related litigation in Alabama.

The trial court noted that the agreement between BGA and Providence was to be interpreted under Alabama law. Plaintiffs responded that Illinois law would govern the interpretation of the policies issued to BGA. Insurance contracts may be governed by the location of the subject matter, the place of delivery of the contract, the domicile of the insured or the insurer, the place of the last act to give rise to a valid contract, the place of performance or other place bearing a relationship to the general contract, or the stipulation of the parties. (See *Hofeld v. Nationwide Life Insurance Co.* (1975), 59 Ill. 2d 522, 528, 322 N.E.2d 454, 457-58.) The record does not definitively speak to any of these factors; it is unclear where the contract was delivered or where the last act necessary to contract formation took place. Counsel represented that the broker, Lloyd's resident agent and the insured are all located in Illinois; these factors would support the contention that Illinois law would control.

The transcript of the hearing on the motions to vacate indicates that the trial court was concerned about the congestion of the court's dockets in Cook County. The record also reflects the trial court's concern that the litigation at hand was more connected to the community of Mobile than the community of Chicago, as the insurance dispute was prompted by the Alabama litigation and its outcome would affect the course of the Alabama litigation.

Were it the function of this court to make the *forum non conveniens* determination in the first instance, we might conclude that the balance did not strongly favor litigating the insurance issues in

Alabama. Making that determination, however, is not the function of this court. Rather, we must determine whether the balance struck by the trial court in this case was within its discretion. Again, given the fairly unique set of circumstances in this case, we cannot conclude that the trial court should be reversed.

This conclusion is also supported by the representations of both counsel at oral argument before this court that at least some of the insurance issues are the subject of litigation in the United States District Court for the Southern District of Alabama. Indeed, while this court is loathe to take judicial notice of other proceedings which are outside the record or merely submitted as an appendix to an appellate brief, we note that documents appended to Providence's brief support the representations of both counsel and Providence offered to supplement the record with further documents filed in Alabama. *Marlow v. American Suzuki Motor Corp.* (1991), 222 Ill. App. 3d 722, 727-28, 584 N.E.2d 345, 348 (to avoid absurd result, appellate court may take judicial notice of pending action filed after appeal which may be more appropriate forum for resolution of dispute); *Boston v. Rockford Memorial Hospital* (1986), 140 Ill. App. 3d 969, 972, 489 N.E.2d 429, 432 (taking judicial notice of dockets on issue of *forum non conveniens*).

In sum, given the unique circumstances in this case—*e.g.*, the discussion of *forum non conveniens* factors at the hearings, the relationship of this dispute to the initial Alabama lawsuit and the subsequent Alabama litigation which raises at least some of the insurance issues—we conclude that a reversal is not warranted in this case. For all of the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.