PRE FAB TRANSIT COMPANY, Plaintiff-Appellant, v. FONTAINE TRAILER
COMPANY, INC., *et al.*, Defendants-Appellees.

Fourth District    No. 4—97—1140

Argued August 12, 1998.—Opinion filed September 28, 1998.

Douglas N. Koth (argued), of Koth & Cannell, P.C., of Bloomington, for appellant.

Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria, for appellee Fontaine Trailer Company.

Lawrence M. Kaschak (argued), of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle, for appellee Independent Trailer & Repair Company.

JUSTICE GREEN delivered the opinion of the court:

Plaintiff, Pre Fab Transit Company, a corporation, appeals an order entered December 1, 1997, in the circuit court of De Witt County, dismissing its complaint against defendants' Fontaine Trailer Company, Inc. (Fontaine), and Independent Trailer and Repair, Inc. (Independent Trailer), on the ground of *forum non conveniens*.

On appeal, Pre Fab contends the trial court erred (1) by not affording plaintiff sufficient time to conduct discovery on the issue of *forum non conveniens*; (2) in ruling in favor of defendants on the issue of *forum non conveniens* without conducting a hearing on that motion or affording plaintiff an opportunity to respond to that motion; and (3) by entering an order dismissing the complaint on grounds of *forum non conveniens*. We conclude plaintiff was not given a fair opportunity to present its position. Accordingly, we reverse and remand for a new hearing on the issue of *forum non conveniens*.

Plaintiff's complaint contained 15 counts and sought money damages arising from damage to its equipment when dollies manufactured by defendant Independent Trailer and sold to plaintiff by Fontaine Trailer malfunctioned.

■ *Forum non conveniens* is a doctrine based on consideration of fundamental fairness and sensible, effective judicial administration. It allows a court to decline to hear a case, even though it may have jurisdiction over the subject matter and parties, when it appears that another forum can better serve the convenience of the parties and the ends of justice. *Certain Underwriters at Lloyd's, London v. Bertrand Goldberg Associates, Inc.*, 238 Ill. App. 3d 692, 697, 606 N.E.2d 541, 544 (1992).

The dispute in this case arises from uncertainty as to what was said at a hearing held on November 13 or 14, 1997. Prior to that time, both defendants had made motions to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 1996)). The parties agree that prior to that date no mention had been made in regard to whether the issue of *forum non conveniens* was involved. The record indicates that a pretrial conference was scheduled for November 13, 1997. The court's docket contained an entry dated "11/14/97" indicating the parties appeared by counsel and that the court indicated to counsel that plaintiff no longer was "a corporate resident of De Witt Co., Il." The docket further stated: "counsel to brief question of *forum non conveniens* & to submit briefs to court within 7 days."

The foregoing docket entry then stated *"[c]ounsel* will then make a decision concerning proper forum *based* on said memorandums." (Emphasis added.) The docket entry further stated: "[c]ounsel for *Pltf*[.] [*sic*] Ind. Trailer files mtn[.] to dsms." (Emphasis added.) Finally, the docket entry stated "[c]ounsel for pltf[.] indicates he will confess each mtn[.] pursuant to 735 ILCS 5/2—615 if the court determines this is a proper forum for this case" and "[s]aid action reserved until court determines issue as to proper forum." At the side of the entry is a notation "chg[.] 11/19/1997."

On November 19, 1997, defendant Independent Trailer filed a motion to dismiss on the basis of *forum non conveniens*. On November 20, 1997, plaintiff filed a memorandum regarding proper jurisdiction and venue. On December 1, 1997, the circuit court entered the order on appeal purporting to act on both the "court's suggestion of *forum non conveniens*" and Independent Trailer's motion.

A hearing was held on April 11, 1998, to settle a bystander's bill as to what happened at the hearing on November 13 or November 14, 1997. This was important because the theory of defendants is that the issue of *forum non conveniens* was raised at this meeting. The evidence is clear that if the issue was properly raised there, plaintiff waived further hearing on that issue and agreed the court could proceed on memoranda presented by the parties.

The most significant testimony at that hearing was that of M. Tod Melton, who was counsel for Independent Trailer in November 1997, but who had later withdrawn from the case. Melton stated in part:

> "When we came into court to have a hearing on the motions, Judge Peters posed the question of whether it was properly in front of this Court. After some discussion about that, I suggested that it seemed prudent we address that issue and get it out of the way before we go forward on the merits. All of the attorneys seemed to agree with that and thought it was a good idea. We talked about doing it in a simplified manner in a briefing schedule and the parties seemed to be in agreement that they could have briefs..., filed and sent to the Court, within seven days and we would proceed to have the Court rule on the briefs or memoranda without need for further oral argument."

Melton expanded on that testimony during the following colloquy:

> "Question: Other than that, it was your understanding that there was to be no further hearing?
>
> Answer: Not on the *forum non conveniens*. We thought at that time it would be addressed by the Court, we would file our briefs each within seven days, I remember that specifically. It was not seven to file, seven to respond, seven to reply; it was [all] parties were to file within seven days and the [judge] would read the briefs and issue a written ruling unless he felt there was a need for further oral argument."

However, he also testified he did not remember the "exact words" *forum non conveniens* ever being used at the hearing on November 13 or 14, 1997.

Plaintiff's counsel responded to meritorious testimony by stating: "I have a fairly vivid recollection of the hearing in November '97 and my recollection, there is nothing that Mr. Melton has testified to that I can say I disagree with." However, plaintiff's counsel did testify he

never understood they were arguing about any issue other than jurisdiction and venue and, accordingly, he directed the memorandum he filed to those two issues.

Also presented at the April 11, 1998, hearing was a letter written by Melton to Independent Trailer's present counsel dated March 2, 1998. That letter set forth his recollections of the November 13 or 14, 1997, hearing. The circuit court certified this document as a bystander's bill setting forth what occurred at that time.

We recognize that in *Certain Underwriters*, 238 Ill. App. 3d at 696, 606 N.E.2d at 543, in the course of a hearing on a defense motion to dismiss for lack of jurisdiction, the parties discussed the question of *forum non conveniens*. In an informal manner, as here, the circuit court dismissed the complaint on the grounds of *forum non conveniens*. However, there, unlike here, no uncertainty was indicated as to whether the plaintiff understood that was the issue upon which further hearing was being waived and upon which the court was to be briefed.

The record here gives little indication that the term *"forum non conveniens"* was ever used in the discussions on November 13 or 14, 1997. Melton, the writer of the letter settled upon by the court as the bystander's report of that hearing, testified he could not say for sure that the term *"forum non conveniens"* was ever used. Certainly, plaintiff's counsel did not understand that theory was in issue, as he completely omitted reference to it in his memorandum. While the word "forum" was probably used, that word is also pertinent in regard to venue.

■At all pertinent times, Supreme Court Rule 187(b) has provided:
"(b) Proceedings on motions. Hearings on motions to dismiss or transfer the action under the doctrine of *forum non conveniens* shall be scheduled so as to allow the parties sufficient time to conduct discovery on issues of fact raised by such motions. Such motions may be supported and opposed by affidavit. In determining issues of fact raised by affidavits, any competent evidence adduced by the parties shall also be considered. The determination of any issue of fact in connection with such a motion does not constitute a determination of the merits of the case or any aspect thereof." 134 Ill. 2d R. 187(b).

The foregoing indicates a policy of giving plaintiffs, subject to a *forum non conveniens* motion, a fair opportunity to respond. Plaintiff should have filed a motion to reconsider in the circuit court when he received notice of the dismissal, but, in view of the uncertain procedure used here, we do not hold that the error that occurred was waived. If an issue such as *forum non conveniens* is raised without being formally

pleaded or by written or pronounced court order, the court should be careful to ensure all parties understand that issue has been raised. We reverse and remand for a new hearing on the issue of whether *forum non conveniens* applies here. Before such a hearing, the court shall give the parties an opportunity for further briefing on the subject.

On remand, the circuit court should recognize that the type of *forum non conveniens* to be applied here is of the interstate type. See 134 Ill. 2d R. 187(c). If that were not so, the appropriate remedy would have been a transfer of the case to the appropriate Illinois court (134 Ill. 2d R. 187(c)(1)). Under these circumstances the question before the court on remand is whether the courts of some other state are more appropriate than the courts of this state. See 3 R. Michael, Illinois Practice §§ 14.1 through 14.3, at 161-72 (1989). Under these circumstances, the fact that plaintiff moved its office from De Witt County to Champaign County is of little significance.

As indicated, we reverse the order dismissing plaintiff's complaint and remand to the circuit court of De Witt County. That court shall then hold a new hearing on the issue of *forum non conveniens* after giving the parties an opportunity to brief the issue.

Reversed and remanded with directions.

KNECHT and COOK, JJ., concur.