FRANCIS E. BLAND, Plaintiff-Appellee, v. NORFOLK AND WESTERN RAILWAY COMPANY *et al.*, Defendant-Appellant.

Fifth District   No. 5—85—0207

Opinion filed February 14, 1986.

JONES, J., dissenting.

Thomas M. Alvey, Jr., and Edward S. Bott, Jr., both of Thompson & Mitchell, of Belleville, for appellant.

Jon G. Carlson, of Talbert, Carlson & Mallon, P.C., of Alton, for appellee.

PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Francis E. Bland, filed an action for damages in Madison County, under the Federal Employer's Liability Act (FELA) (45 U.S.C. sec. 51 *et seq.* (1982)), alleging that he sustained personal injuries while employed by defendant, Norfolk and Western Railway Company. Defendant's motion to dismiss the complaint based upon the grounds of *forum non conveniens* was denied by the trial court. This court granted defendants' petition for leave to appeal under the provisions of Supreme Court Rule 306(a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)).

The following relevant facts appear in the record. Plaintiff, who was employed as a brakeman by defendant, was injured on or about November 19, 1982, while making a delivery at the A. E. Staley Plant in Decatur, Macon County. The injury allegedly occurred when the platform on one of defendant's tank cars came loose while plaintiff was standing on it. Immediately after his injury, plaintiff was appar-

ently taken to Decatur Memorial Hospital for medical treatment.

On November 8, 1984, plaintiff filed an amended complaint in the circuit court of Madison County, alleging that defendant and Staley were guilty of negligence. On December 17, 1984, defendant filed a motion to transfer venue to Macon County on the grounds of *forum non conveniens*. Defendant's motion alleged that venue should be transferred to Macon County because (1) the injury occurred in Macon County, (2) the plaintiff is a resident of Macon County, (3) the hospital records pertaining to the hospital treatment of plaintiff are located in Macon County, (4) the physicians who treated plaintiff while he was in the hospital reside in Macon County, (5) all of the occurrence witnesses reside in Macon County, (6) a view of the premises where the injury occurred would not be possible unless the trial were held in Macon County, (7) when considered in light of the location of the sources of proof, the 100-mile driving distance between Decatur and Edwardsville would require defendant to spend a significantly greater amount of money if the cause were tried in Madison rather than Macon County, (8) Madison County jurors would be imposed upon to decide the cause even though the action arose in Macon County, and (9) the circuit court of Madison County is severely congested.

The circuit court denied defendant's motion. In doing so, the court noted that (1) two of plaintiff's treating doctors have offices in Madison County, (2) some of plaintiff's employment duties, such as setting out cars, throwing switches, and making couplings, were performed at defendant's railroad yard in Granite City, Madison County, (3) any delay in excess of two years from the filing of the complaint through the verdict would be caused by the parties rather than court congestion, (4) since Macon County is within 100 miles of Madison County, the location of the place of injury is so near geographically as to not require a transfer, (5) plaintiff, an Illinois citizen suing under the FELA, has a substantial right in the choice of his forum, and (6) since defendant has substantial facilities in Madison County, a trial in Madison County would not cause defendant any substantial injustice.

The defendant appeals this ruling, asserting that the trial court abused its discretion in failing to grant its motion to transfer venue based upon *forum non conveniens*. Both parties acknowledge the propriety of Illinois jurisdiction and venue in either Madison County or Macon County.

■■■ A State may apply the doctrine of *forum non conveniens* to FELA cases so long as it does so impartially. (*State of Missouri ex rel. Southern Ry. Co. v. Mayfield* (1950), 340 U.S. 1, 4, 95 L. Ed. 3, 8, 71 S. Ct. 1, 3.) Illinois has elected to apply the doctrine of *forum*

*non conveniens* to FELA cases presenting an intrastate choice of forum. (*Mesa v. Chicago & North Western Transportation Co.* (1983), 98 Ill. 2d 356, 456 N.E.2d 1.) In ruling on motions to transfer venue on the basis of intrastate *forum non conveniens*, a trial court should consider (1) the availability of an alternative forum, (2) the access to sources of proof, (3) the accessibility of witnesses, (4) the relative advantages and obstacles to obtaining a fair trial, (5) the congestion of the court dockets, and (6) the convenience of the parties. Unless these factors strongly favor the defendant, plaintiff should be allowed his choice of forum. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 351, 456 N.E.2d 601, 607.) We analyze the applicability of these factors to the case at bar as follows:

Venue would be proper in Macon County; therefore, defendant's suggested alternative forum is available. Most of the witnesses reside in Macon County; consequently, this factor favors Macon County. Although the records of plaintiff's hospital treatment immediately after the injury are located in Macon County, the injury allegedly occurred on a tank car which fortuitously was then located in Macon County. Moreover, this tank car may still be in use, and the determination of its present location would be more accessible to defendant than to plaintiff. While it is true that the actual physical premises where the injury occurred are located in Macon County, we find this source of proof less crucial than the actual tank car. Thus, we find that accessibility to sources of proof is a factor of little consequence. There are no allegations suggesting an inability to receive a fair trial in either forum, so this factor is of no consequence. While the 1983 Annual Report of the Administrative Office of the Illinois Courts shows that both Madison County and Macon County had congested court dockets in similar cases, the Macon County docket (30.8 months elapsed time between the filing of the complaint and verdict) is somewhat less congested than the Madison County docket (37.2 months elapsed time between the filing of the complaint and verdict). Thus, this factor favors the defendant's suggested alternative forum.

■ An appellant has the burden of presenting a sufficiently complete record of proceedings to support a claim of error. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959.) Any doubt arising from the incompleteness of the record in its presentation of facts will be resolved against the appellant. *Paine, Webber, Jackson, & Curtis, Inc. v. Rongren* (1984), 127 Ill. App. 3d 85, 90, 468 N.E.2d 459, 463.

The defendant urges that Madison County is a more costly and inconvenient forum than Macon County because it would be required (1)

to spend a significantly greater amount of money for its Belleville attorneys' time, travel, meals, and lodging while they are interviewing Macon County witnesses, and (2) to transport the witnesses to and maintain the witnesses in Madison County during the trial.

We have examined the record and find that there are insufficient facts disclosed by the record upon which to resolve this contention of defendant. Although defendant may intend to retain Macon County counsel in the event that venue is transferred, we cannot determine that this is so from the record before us or from defendant's brief on appeal. From defendant's assertions on appeal, it would appear that defendant intends to retain Belleville counsel in the event that this cause is tried in Macon County. If so, it does not appear from the instant record that transferring venue to Macon County would be more convenient and less costly than retaining venue in Madison County. Since the defendant has not sufficiently demonstrated additional cost and inconvenience in defending this cause in Madison County and since plaintiff obviously finds Madison County to be a convenient forum, this factor favors plaintiff's chosen forum.

Absent an abuse of discretion, the decision of the circuit court in granting or denying a *forum non conveniens* motion will not be disturbed on review. (*Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 384-85, 466 N.E.2d 198, 201.) After balancing the factors established in *Torres*, we conclude that the circuit court properly could find that the factors favoring defendant were not sufficiently strong so as to overcome plaintiff's right to choose his forum. Thus, we find no abuse of discretion.

Since we find that the circuit court did not abuse its discretion in denying the defendant's motion to transfer venue on the basis of *forum non conveniens*, the judgment of the circuit court of Madison County is affirmed and the cause is remanded for further proceedings.

Affirmed and remanded.

WELCH, J., concurs.

JUSTICE JONES, dissenting:
I respectfully dissent.
Neither the events giving rise to this case, the parties, the witnesses nor the medical records (except for those of two "treating physicians" in Madison County) have any connection whatsoever with Madison County. The import of the majority's decision is to make

Madison County a litigation center for FELA, Jones Act (46 U.S.C. sec. 688 *et seq.* (1982)) and any other tort case arising in Illinois where venue may be fixed there. This is an injustice to the taxpayers, jurors, judges and other court personnel of Madison County, and to Madison County litigants who must await trial of their cases while non-Madison County litigation displaces their own in the case-clogged Madison County circuit court. (See *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 478 N.E.2d 370, an interstate *forum non conveniens* case, but whose precepts are nonetheless, under *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601, applicable to intrastate *forum non conveniens* cases.)

The facts of this case place it on all fours with *Walker v. Iowa Marine Repair Corp.* (1985), 132 Ill. App. 3d 621, 477 N.E.2d 1335. In that case, the plaintiff was injured on a barge tow near Alton. Plaintiff was a resident of Knox County and filed his suit for damages in Cook County. The defendant was domiciled in Grundy County, whose county seat, Morris, is just 63 miles from Chicago. Venue was properly fixed in Cook County when defendant filed its answer prior to filing its motion to transfer based upon *forum non conveniens.* Other proper venues were Grundy and Madison Counties. The court in *Walker* noted that "this litigation has absolutely no connection with Cook County." (132 Ill. App. 3d 621, 630, 477 N.E.2d 1335, 1341.) It analyzed the six factors for consideration prescribed by the *Torres* case, and set forth in the majority opinion, and found nothing that favored the Cook County forum other than the fact that plaintiff's attorney had his office there. The court in *Walker* reversed the trial court's denial of defendant's motion to transfer based on *forum non conveniens.*

This case cannot be distinguished in any relevant particular from the *Walker* case. Distilled to its essence, the majority bases its decision upon the fact that it is only 100 miles from Decatur to Edwardsville. This is insufficient to justify denial of the defendant's motion for transfer.

Another recent case of the appellate court that indicates that the majority opinion here is contrary to *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601, is *Boston v. Rockford Memorial Hospital* (1986), 140 Ill. App. 3d 969. In that medical malpractice case the plaintiffs had been treated in a hospital and by doctors located in Winnebago County. Suit was filed in Cook County where venue was proper because some defendants to the case were residents in or conducted business there. The appellate court reversed the trial court's denial of defendants' motion to transfer for *forum non conveniens,* holding that

a Cook County venue was contrary to the approach of the *Torres* case and the current application of the doctrine. The county seats of Winnebago and Cook Counties are just 83 miles distant from each other.

I would follow *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601, *Walker v. Iowa Marine Repair Corp.* (1985), 132 Ill. App. 3d 621, 477 N.E.2d 1335, *Stakowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 478 N.E.2d 370, and *Boston v. Rockford Memorial Hospital* (1986), 140 Ill. App. 3d 969, and reverse.