(No. 63259.— )

FRANCIS E. BLAND, Appellee, v. NORFOLK AND
WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed February 20, 1987.*

GOLDENHERSH, J., dissenting.

Thompson & Mitchell, of Belleville (Thomas W. Alvey, Jr., and Edward S. Bott, Jr., of counsel), for appellant.

Jon G. Carlson, Philip B. Alfeld and Roy C. Dripps, of Talbert, Carlson & Mallon, P.C., of Alton, for appellee.

Donald E. Engle and Laurie A. Zenner, of Oppenheimer, Wolff & Donnelly, of St. Paul, Minnesota, for *amici curiae* Burlington Northern Railroad Company *et al.*

JUSTICE WARD delivered the opinion of the court:

The plaintiff, Francis E. Bland (Bland), brought an action under the Federal Employers' Liability Act (FELA) (45 U.S.C. sec. 51 *et seq.* (1976)) in the circuit

court of Madison County against the defendant, Norfolk and Western Railway Company (Norfolk), to recover for personal injuries suffered during the course of his employment with the defendant. Norfolk moved to transfer the case to Macon County on the ground of *forum non conveniens*. After the circuit court of Madison County denied the motion, the defendant appealed to the appellate court, which, with one justice dissenting, affirmed the circuit court's denial (140 Ill. App. 3d 862). We granted the defendant's petition for leave to appeal under our Rule 315 (103 Ill. 2d R. 315).

The plaintiff's complaint alleged that on or about November 19, 1982, he was injured on the platform of one of Norfolk's tank cars while employed by Norfolk as a brakeman. According to the complaint, the car was making a delivery for the defendant at the A. E. Staley plant in Decatur, Macon County, when the catwalk and grab bar on the car came loose, violently jerking the plaintiff and causing injury. Count I of the complaint was based on the provisions of the Federal Employers' Liability Act (FELA) (45 U.S.C. sec. 51 *et seq.* (1976)) and count II, on the Safety Appliance Act (45 U.S.C. sec. 1 *et seq.* (1976)). The complaint set out that Norfolk is a corporation owning and operating diverse equipment, yards and rights-of-way in and about Madison County.

The defendant filed a motion to transfer venue from Madison County to Macon County under the doctrine of *forum non conveniens*. While conceding that jurisdiction and venue were proper in Madison County, the defendant argued that all of the relevant connections with the plaintiff's suit are in Macon County and that the case can be more conveniently tried in that county. In support of its motion under *forum non conveniens*, the defendant set out that the plaintiff's injuries occurred in Macon County; that the plaintiff is a resident of Macon County; that all of the proposed occurrence witnesses, who were

named, are employed in Macon County; and that Macon County is approximately 100 miles from Edwardsville, the county seat of Madison County. The defendant stated that trial in Madison County would subject it to unnecessary investigation and discovery expenses and that it would be extremely costly to bring its witnesses for trial in Madison County. In addition, the defendant asked the circuit court to take judicial notice of the congested condition of the Madison County docket, referring to the 1982 annual report of the Administrative Office of Illinois Courts, which indicated that the average time lapse between filing a complaint and verdict in Madison County is 34.1 months.

The plaintiff filed a motion and a responsive affidavit in which he states that he is being treated by two physicians whose offices are in Madison County and that he performs switching operations for Norfolk in Madison County "from time to time."

The circuit court denied the defendant's motion, indicating that Macon County was "too close" to Madison County to require transfer of the the case. The court noted that several other factors favored retaining the case in Madison County, including the plaintiff's statement that two of his treating physicians have offices in Madison County; that the plaintiff performs switching operations in Madison County; and that Norfolk has "substantial facilities" in Madison County. The court rejected the defendant's argument that the docket of the Madison County circuit court is unduly congested, stating its opinion that "any case can be reached for trial within 2 years of filing" and that "[a]ny delay beyond 2 years would be delay caused by the parties rather than court congestion."

In affirming the trial court's decision, the appellate court stated, *inter alia*, that the record failed to support the defendant's assertions that it would incur additional

cost and inconvenience in defending the action in Madison County.

The question for us is whether the circuit court's denial of the defendant's *forum non conveniens* motion was an abuse of discretion. Although broad discretion is vested in the trial court in determining whether particular circumstances require transfer of a cause under *forum non conveniens*, that court's decision will be reversed on review if it can be shown that, in deciding as it did, the court abused discretion. *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 117-18; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110.

Given the circumstances here, we consider that the circuit court abused its discretion in denying the defendant's motion to transfer to Macon County. A trial in Macon County would better "serve the convenience of the parties and the ends of justice." *Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 606; *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514.

*Forum non conveniens* is an equitable doctrine. It presupposes the existence of more than one forum with jurisdiction over the parties and the subject matter. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 112.) Under the doctrine, a court may decline to exercise jurisdiction of a case whenever it appears that there is another forum with jurisdiction of the parties in which trial can be more conveniently had. *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514; *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 76.

In deciding whether the doctrine applies, a court must balance private interest factors affecting the con-

venience of the litigants and public interest factors affecting the administration of the courts. See *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.

Factors relating to the private interests of the litigants include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.

Public factors relevant here include the administrative difficulties flowing from court congestion; "a local interest in having localized controversies decided at home"; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 509, 91 L. Ed. 1055, 1063, 67 S. Ct. 839, 843. See also *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 118; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 118-19; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110-11.

In *Torres v. Walsh* (1983), 98 Ill. 2d 338, this court held that *forum non conveniens* is applicable on an intrastate as well as on an interstate basis. That is, the doctrine may be applied where the choice is between forums in the same State as well as when the choice is between forums in more than one State. The court stated that the same considerations of convenience and fairness are applicable in deciding the question of the forum for trial: "the availability of an alternate forum, the access to sources of proof, the accessibility of witnesses, the relative advantages and obstacles to obtaining a fair trial,

the congestion of the court dockets, and the convenience of the parties." 98 Ill. 2d 338, 351.

Contrary to the plaintiff's contention, FELA cases are not an exception to the intrastate application of *forum non conveniens* doctrine. It has long been recognized that in FELA cases a State court is "freed to decide the availability of the principle of *forum non conveniens* in these suits according to its own local law." (*Missouri ex rel. Southern Ry. Co. v. Mayfield* (1950), 340 U.S. 1, 5, 95 L. Ed. 3, 8, 71 S. Ct. 1, 3.) This court implicitly recognized the propriety of applying intrastate the *forum non conveniens* doctrine to FELA cases in *Mesa v. Chicago & North Western Transportation Co.* (1983), 98 Ill. 2d 356, a companion case to *Torres v. Walsh* (1983), 98 Ill. 2d 338. See also *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378.

We are not overlooking that, because a plaintiff's right to select the forum is a substantial one, *Torres v. Walsh* admonished:

"[U]nless those factors strongly favor the defendant, then the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case when venue is proper.

If there are sufficient factors that favor the plaintiff's choice of forum, then the defendant's inconvenience should not be considered, provided venue is proper. For unless the balance strongly favors the defendant, then the plaintiff should be able to exercise his statutory right to choose his forum." *Torres v. Walsh* (1983), 98 Ill. 2d 338, 351.

The record here shows that the factors favoring Madison County as the appropriate forum for trial are, on balance, relatively unimportant. The only connections Madison County has with the lawsuit are that the defendant conducts operations within Madison County, the plaintiff occasionally ("from time to time") works in

Madison County, and two of the plaintiff's treating physicians have offices in that county. (The record shows that three treating physicians have offices in Macon County.) In contrast, numerous and more important factors point to Macon County as the more convenient, and therefore appropriate, forum.

Though the defendant may transact business within Madison County, and this provides a basis for jurisdiction, it is not, under the circumstances here, an important factor in weighing the *forum non conveniens* question. A *forum non conveniens* motion "assumes that both courts can obtain jurisdiction over the defendant" and causes a court to look beyond the criterion of venue when it considers the relative convenience of a forum. *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 515; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 372; *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 79.

Similarly, the plaintiff's occasional performing of switching operations in Madison County is also not a strongly influential factor. There is no reason to assume that trial in Madison County would be convenient simply because the plaintiff is occasionally in that county performing duties as a brakeman. Moreover, in our research we did not discover one decision in which a court considered this factor to be of significance in ruling on a *forum non conveniens* motion.

Madison County's only other appearing connection with this litigation is that the complaint states that two of the plaintiff's treating physicians have offices in Madison County. However, all nine of the defendant's witnesses reside in Macon County, and as the pleadings indicate, all of the plaintiff's medical records of the hospital treatment the plaintiff received are in Macon County. The plaintiff resides in Macon County.

The expense to the defendant of transporting witnesses to Madison County and maintaining them is obvious, as is the greater inconvenience to the witnesses. Contrary to the circuit court's opinion, we do not consider that the distance between the two counties is insignificant. Too, we do not believe that the circuit court's seeming emphasis on distance ("too close") is proper on this *forum non conveniens* motion. Mileage is but one factor of convenience. "If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable." *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 249-50, 70 L. Ed. 2d 419, 432, 102 S. Ct. 252, 263. See also *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 499; *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 228.

It must be conceded that a trial in Macon County would require the plaintiff's treating physician witnesses to travel from Madison County. One should be cautious, however, not to give undue weight to the fact that a plaintiff's treating physician or expert has an office in the plaintiff's chosen forum. To do so would allow a plaintiff to easily frustrate the *forum non conveniens* principle by selecting as a witness a treating physician or expert in what would, in reality, be an inconvenient forum. See *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 87; *DeVries v. Bankers Life Co.* (1984), 128 Ill. App. 3d 647, 652-53. See also *Norman v. Norfolk & Western Ry. Co.* (1974), 228 Pa. Super. 319, 330, 323 A.2d 850, 855-56; *Safeway Stores, Inc. v. Martin* (Okla. 1974), 530 P. 2d 131, 133.

The circuit court apparently judged that it would be improper to transfer trial to Macon County because doing so would deprive the plaintiff of his substantial right in the choice of forum. However, the circuit court did not mention and may have failed to take into consider-

ation that the plaintiff does not reside in Madison County, and therefore his choice of forum is entitled to less deference. In *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252, the Supreme Court explained that, where the plaintiff elects to sue outside of its home forum, a court may more readily decline to exercise jurisdiction. The court observed:

"When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign [to the forum chosen], however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." (454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266.)

This court is in agreement. *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 499; *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 233; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 367-68.

Public interest factors also favor transfer to Macon County. Of great importance is the effect this trial will have upon the Madison County courts and community that will be burdened financially and otherwise in furnishing a forum for this litigation. The public interest requires that causes which are without significant factual connections to particular forums be transferred to convenient forums to insure that those jurisdictions are not unfairly burdened with litigation in which they have no interest or connection. *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 231-32; *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 384; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 115.

This court commented in *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 121:

"Courts generally have a shared concern 'in protecting finite judicial resources' and the efficient functioning of their judicial systems, so that they are not impeded by nonresident litigation to the extent that their availibility to local citizens is impaired or diminished."

If Madison County had any relevant or practical connection with this litigation it would have an interest in providing a forum. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 371-72.) However, Madison County's only connection with this suit, apart from the fact that under law and as a matter of jurisdiction (Ill. Rev. Stat. 1985, ch. 110, par. 2—102) the defendant corporation is a resident of that county, as well as many others, is that the plaintiff on occasion works in Madison County and that two out of apparently five treating physicians are located there. This does not provide a sufficient factual connection with the litigation to justify imposition of the burdens of the litigation upon the citizens and court system of Madison County. More than simply a "relevant connection" between the forum and the litigation is required. *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 233; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 376-77.

In contrast, Macon County has a clear connection with this suit as the situs of the plaintiff's injuries. That the injuries were sustained in Macon County gives the plaintiff's claim the aspect "of a localized controversy with a local interest in having the controversy 'decided at home.' " *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 500.

It is also important to consider the presence or absence of congestion of court dockets as a factor of public concern. (*Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 122; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 372.) The plaintiff here is a resident of Macon County, but he has filed his

action in Madison County, which appears to have one of the most congested court dockets. The annual report of the Administrative Office of the Illinois Courts to the Supreme Court of Illinois for 1983 shows that the average time lapse for actions seeking damages in excess of $15,000 in Madison County is 37.2 months; Macon County reported 30.8 months for the same category.

The circuit court here nevertheless stated that the courts of Madison County are not unduly congested, commenting that it was taking judicial notice that a plaintiff's case could be reached for trial within two years. However, nothing in the record appears to support the court's opinion. This court has held that the condition of a circuit court's docket is a matter of which a court can properly take judicial notice. (*Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 6.) *Fender* indicated that the pertinent reports are promulgated by the office of the court administrator. The 1983 report indicates clearly that the time lapse before trial is reached in Macon County is far less than in Madison County.

Too, this court has previously taken notice of the congested dockets of the circuit court of Madison County and has recognized that the congestion is aggravated by the presence of cases similar to the plaintiff's—nonresident FELA cases that have little or no connection with Madison County. (See *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 116; *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 384.) At the time *Espinosa* was decided, this court cited statistics showing that in 1976 the average time before trial was 30.3 months. By the time *Foster* was handed down, the relevant statistics showed that the delay had increased to almost three years. As shown by the 1983 statistics, the docket of the circuit court of Madison County is still crowded to the point where congestion is of great concern. Madison County cannot be expected to carry the

additional burden of this kind of imported litigation. The justice who dissented from the appellate court's majority here expressed the problem in strong language:

> "Neither the events giving rise to this case, the parties, the witnesses nor the medical records (except for those of two 'treating physicians' in Madison County) have any connection whatsoever with Madison County. The import of the majority's decision is to make Madison County a litigation center for FELA, Jones Act (46 U.S.C. sec. 688 *et seq.* (1982)) and any other tort case arising in Illinois where venue may be fixed there. This is an injustice to the taxpayers, jurors, judges and other court personnel of Madison County, and to Madison County litigants who must await trial of their cases while non-Madison County litigation displaces their own in the case-clogged Madison County circuit court. (See *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 478 N.E.2d 370 ***.)" 140 Ill. App. 3d 862, 866-67 (Jones, J., dissenting).

The trial court abused discretion when it refused to transfer this action to Macon County. The judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court of Madison County with directions to grant the defendant's motion to transfer the case to Macon County.

> *Reversed and remanded,*
> *with directions.*

JUSTICE GOLDENHERSH, dissenting:

I dissent. In its opinion the majority has effectively destroyed the choice of venue provided an injured employee who seeks recovery under the Federal Employers' Liability Act (45 U.S.C. sec. 56 (1976)) and conferred upon the employer railroad the power to select the forum in which the employee's action will be tried.

In *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, the source of the doctrine of

*forum non conveniens* adopted in this jurisdiction, the court enunciated the factors which are to be considered in its application, and said:

> "The doctrine [of *forum non conveniens*] leaves much to the discretion of the court to which plaintiff resorts ***.
>
> *** [U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.

In its earlier opinions, this court followed *Gulf Oil* and appropriate deference was shown to the discretion of the trial court. In *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, the court acknowledged that the doctrine could apply in FELA cases and noted the congressional intent to confer upon the employee a broad choice of jurisdiction and venue.

Although in my opinion it occasionally erred in its decision that the denial of a motion was an abuse of discretion, as recently as *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, the court recognized that the plaintiff's choice of forum should rarely be disturbed and that the circuit court's *forum non conveniens* ruling should be affirmed unless there was an abuse of discretion. The court, however, went on to say that the doctrine was applicable " 'whenever it appears that there is another forum that can better "serve the convenience of the parties and the ends of justice." [Citation.]' " *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 118, quoting *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514.

In *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, the majority eliminated the requirement that the allowance of the motion serve the ends of justice and substituted for the original doctrine the rule "that the case *** should be tried in a forum with a greater connection to the parties and the oc-

currence that forms the gravamen of the complaint."
(102 Ill. 2d 378, 385.) In *Haring v. Chicago & North
Western Transportation Co.* (1984), 103 Ill. 2d 530, 535,
as I demonstrated in my dissent, the doctrine was fur-
ther modified so that the reversal no longer required
that there be an abuse of discretion and that *forum non
conveniens* could rest solely on the conclusion that as a
matter of convenience the case should be tried in an-
other forum.

I do not question the validity of the factors which the
Supreme Court enumerated in *Gulf Oil*. It should be
noted, however, that although the abstract principle
might be the same, the factual situations in *Gulf* and the
other cases cited by the majority differ greatly from this
case. The exercise of discretion on the part of the circuit
court requires the application of common sense to a set
of facts, and under our long-standing definition of abuse
of discretion, the decision of the court, made in the exer-
cise of its discretion, should not be set aside unless the
opposite conclusion is clearly apparent. That is not the
situation here. In *Gulf Oil* the plaintiff brought the
action in the Southern District of New York. He was a
resident of Virginia and operated a public warehouse
there. His action against the defendant was based on an
alleged violation of an ordinance of the city of Lyn-
chburg. The defendant was a corporation organized un-
der the laws of Pennsylvania and qualified to do business
in both Virginia and New York. The district court dis-
missed the action on the ground of *forum non con-
veniens*, and the court of appeals reversed. In reversing
the court of appeals, the Supreme Court noted that
there were 450 possible claims in the case and that there
were questions concerning which jurisdiction's law gov-
erned the case. In *Piper Aircraft Co. v. Reyno* (1981),
454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252, the
plaintiffs were citizens and residents of Scotland, and

the accident out of which the action arose occurred in Scotland. I submit that when the Supreme Court distinguished between "foreign" plaintiffs and "resident" plaintiffs, and stated that a resident plaintiff's choice of forum is entitled to greater deference, it had in mind a resident of Scotland suing in California, and not a resident of Macon County, Illinois, bringing an action in Madison County, approximately 100 miles distant.

Having in its opinions eliminated the factors enunciated in *Gulf* which were to be considered prior to the application of the doctrine of *forum non conveniens*, and having substituted therefor a combination of the "convenience of the parties" and the "significant factual connection" rules, the majority applied the doctrine of *Torres v. Walsh* (1983), 98 Ill. 2d 338, to reverse the trial and appellate courts and effect an intrastate transfer of this cause from Madison County. In my dissent in *Torres* I pointed out the fallacious premise upon which that opinion rests and need not lengthen this dissent by doing so again.

As the result of the foregoing opinions, cases reach this court after several years of litigating *forum non conveniens*. Although these cases are not at issue on the merits, they have attained an age and accumulated records greater than most cases which have been fully adjudicated in the circuit and appellate courts.

What has occurred in so many cases demonstrates the error in our original departure from the sound and long-established rules first ignored in *Horn v. Rincker* (1981), 84 Ill. 2d 139. Since that time this court has been deluged with motions for leave to file original actions in *mandamus* and prohibition and motions for supervisory orders. Since the amendment of Rule 306(a) to include rulings denying motions for dismissal on grounds of *forum non conveniens*, the appellate court has been flooded with petitions for discretionary leave to appeal

such rulings and this court with petitions for leave to appeal from the appellate court. This stems in part from the failure to recognize that, although the abstract principle may be the same, the situation where a foreign plaintiff sues as the result of an occurrence in a distant jurisdiction is vastly different from the situation presented here, where a resident of Illinois sues in a county 100 miles distant from the county in which he resides. Furthermore, it is disturbing that the majority decides that the judgment of a circuit judge concerning the state of his court's docket is overruled by a four-year-old set of statistics from the Administrator's office. Also, the majority has apparently overlooked the fact that if the defendant is doing business in Madison County, it is also being taxed there. There is no evidence that the expense of trial borne by the county exceeds its tax revenues received by reason of defendant's presence there. In *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, the court said:

> "Whether the forum chosen is a convenient one is a matter for the discretion of the trial court. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 77; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 119.) The responsibility of a reviewing court does not encompass determining whether the trial judge exercised his discretion wisely (*Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 4), but only whether it has been abused." (111 Ill. 2d 495, 503-04.)

The proper application of that rule would require the affirmance of the judgment in this case.

In my dissent in *Horn v. Rincker* (1981), 84 Ill. 2d 139, 152-53, I pointed out that as the result of that opinion this court will be required to consider requests for relief not authorized by statute or constitution, that the problem allegedly requiring our attention had historically been resolved by the circuit courts without our interven-

236

tion, and that "this court is far too busy to spend its time refereeing races to the courthouse." The end result of the majority opinion here is that this court will assume the added burden of measuring distances between the county in which the defendant prefers to have its case tried and the county in which plaintiff, in accordance with the provision of the Federal Employers' Liability Act, elected to file his cause of action.