CAREN BURNS, Plaintiff-Appellee, v. A.P. GREEN INDUSTRIES, INC., *et al.*, Defendants (R.T. Vanderbilt Company, Inc., *et al.*, Defendants-Appellants).

Fifth District    No. 5—00—0548

Opinion filed December 26, 2001.

Brad A. Elward, of Heyl, Royster, Voelker & Allen, of Peoria, for appellants Certainteed Corporation, Pfizer, Inc., T&N, Union Carbide Corporation, and United States Gypsum Company.

Edward J. Matushek III, and Douglas M. Sinars, both of Matushek & Associates, L.L.C., of Chicago, for appellant R.T. Vanderbilt Company.

Jeffrey S. Hebrank, of Burroughs Hepler Broom MacDonald Hebrank & True, of Edwardsville, for other appellants.

Robert J. Evola, of Wise & Julian, P.C., of Alton, and Roger Mandel, of Stanley, Mandel & Iola, L.L.P., of Dallas, Texas, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

Various defendants appeal the trial court's order denying their motions to transfer the case of Howard Burns, now deceased, and Caren Burns, from Madison County, Illinois, to Shelby County, Illinois, pursuant to the intrastate doctrine of *forum non conveniens*, under Supreme Court Rule 187 (134 Ill. 2d R. 187). The only issue raised on appeal is whether the trial court abused its discretion when it denied the defendants' motions. We reverse the trial court's order, and pursu-

ant to our powers under Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we remand this case and order that it be transferred to Shelby County.

## FACTS

Howard was employed at Moweaqua High School in Moweaqua, Shelby County, Illinois, as an industrial arts teacher during the school year and for construction and maintenance work during the summer months from 1951 to 1986. While working construction and maintenance at the high school and also while building his own home, Howard was exposed to asbestos-containing products. Howard's home was also in Moweaqua, Shelby County, Illinois. On April 10, 2000, Howard was diagnosed with mesothelioma, a rapidly progressing, terminal, asbestos-induced disease. Howard filed his complaint for negligence, wilful and wanton conduct, and conspiracy, and his wife, Caren, filed her complaint for loss of consortium on May 17, 2000, in Madison County, Illinois. Howard never worked in Madison County. Howard's treating physicians were in Sangamon County, Illinois, and in Cook County, Illinois. The plaintiffs filed a motion for an immediate setting for trial on May 24, 2000, citing Howard's rapidly deteriorating health. The court granted the motion on July 7, 2000, and set the trial date for December 4, 2000.

Fourteen defendants filed motions to transfer this case from Madison County to Shelby County under Rule 187. While acknowledging that jurisdiction and venue were proper in Madison County, the defendants contended that there was no connection between this case and Madison County. The plaintiffs objected to the defendants' motions, claiming that their right to select a forum is a substantial right and that the defendants did not meet their burden of showing that the factors strongly favored transfer. A hearing on the defendants' motions was held on August 11, 2000. At the hearing, the plaintiffs argued that Shelby County is a rural county and that it is unable to accommodate "all of the people coming into town for a trial of this matter." Counsel stated: "There is no airport in Shelby County. *** There is not even an interstate[,] to my knowledge[,] close to the county seat. It is a very inconvenient place to have this, inconvenient for all of the parties." The plaintiffs also advised the court that Howard had a very short life expectancy. Counsel asserted: "It certainly would be inconvenient to [Howard] to have this trial conducted at a time after his death. The only way that I can see to get it done during his life expectancy is to do it in this court." The defendants' argument to the trial court was that Howard worked and lived in Shelby County for at least 36 years, that his exposure to asbestos was in Shelby County, and that

the two witnesses named in Howard's deposition both live in Shelby County.

The trial court stated at the hearing at the end of the parties' arguments on the motions: "If [Howard] make[s] it to December, we'll give him a trial. If he doesn't make it until December, the case is transferred." The court went on to state at the hearing: "This is my preliminary position. If there is [sic] some other factors, fine. Under the circumstances, the Court would ignore any other factors and considerations given that this man's life expectancy is so short. I want to give him his day in court even if it is Madison County." The trial court's written order, entered on August 11, 2000, denying the defendants' motions to transfer stated in pertinent part as follows:

"1) In consideration of [Howard's] shortened life expectancy[,] Defendants' Motion is denied and trial is set on 12/4/2000[.]

2) If [Howard] should die prior to 12/4/2000[,] this Court shall re[ ]consider Defendants' Motion to Transfer."

The defendants filed a petition for leave to appeal the trial court's denial of their motions, pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)), and this court granted the defendants leave to appeal.

## ANALYSIS

■ The principles of law pertaining to the review of a trial court's ruling on a motion to transfer under the doctrine of intrastate *forum non conveniens* are well-established. A motion for transfer under the doctrine of *forum non conveniens* presupposes that jurisdiction and venue are proper in more than one county. *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323 (1994). The doctrine allows a court to decline to exercise its jurisdiction over a case when it appears that another forum with jurisdiction may be more convenient. *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217 (1987). The doctrine applies on an intrastate basis as well as on an interstate basis. *Bland*, 116 Ill. 2d at 224. A trial court's decision on a motion to transfer is a matter left to the sound discretion of the trial court, and the trial court's determination will not be overturned on review unless the court has abused its discretion. *Peile*, 163 Ill. 2d at 336.

■ The doctrine of *forum non conveniens* is a flexible one dependent on an evaluation of the total circumstances without concentration on any single factor. *Peile*, 163 Ill. 2d at 336-37. One of the factors to be considered is that a plaintiff's right to select the forum is a substantial one; however, if the plaintiff is not a resident of the chosen forum or the county selected is not the situs of the injury, a plaintiff's choice of forum is given less deference. *Peile*, 163 Ill. 2d at 337-38. In addition, a court must consider the private-interest factors and the

public-interest factors. *Peile*, 163 Ill. 2d at 337. The private-interest factors include the relative ease of access to sources of proof, the accessibility of witnesses, the possibility of a jury view of the premises, and any other practical problems that make the trial of a case easy, expeditious, and inexpensive. *Peile*, 163 Ill. 2d at 337. An ability to try a case in an expeditious manner has also been recognized as a private-interest factor. *Hefner v. Owens-Corning Fiberglas Corp.*, 276 Ill. App. 3d 1099 (1995). The public-interest factors include having localized controversies decided in a local forum, administrative concerns, and imposing jury duty on residents of a county with little connection to the litigation. *Peile*, 163 Ill. 2d at 337.

■ In the case *sub judice*, the trial court focused on one factor— providing Howard with an expeditious trial—and failed to consider any other factor involved in deciding a motion to transfer under the doctrine of *forum non conveniens*. The record reflects that the trial court was aware that it should consider the other factors but that the court was choosing to "ignore" any other factors. The failure to consider all of the factors and focusing on only one factor was an abuse of the trial court's discretion.

The discovery in this case indicated that Howard and his wife were not residents of Madison County but that they lived in Shelby County. Howard had never worked in Madison County. Howard's exposure to asbestos was either from products used at work in Shelby County or from products used in the construction of his home, again in Shelby County. Howard's treating physicians were not in Madison County. Howard's named witnesses who would testify as to the products used by Howard were in Shelby County. The expert witnesses listed by both the plaintiffs and the defendants are located all over the United States and, in some instances, outside this country. Although the record does not indicate where any of the defendants' places of business are, the defendants have acknowledged that jurisdiction and venue are proper in Madison County. However, this factor is not sufficient to support bringing suit in Madison County. See *Bland*, 116 Ill. 2d at 226.

Because Howard's exposure to asbestos was at the local high school, the local interest in this case would be in Shelby County. The statistics reported by the Illinois Supreme Court in its annual report of 1998 indicate that Madison County is a more congested court than Shelby County. There is an insufficient connection between Madison County and this case to justify imposing jury duty on the citizens of Madison County. Thus, when considering the private-interest and public-interest factors involved, it is clear that the most convenient forum for this case is Shelby County.

## CONCLUSION

Because the trial court abused its discretion in denying the defendants' motions to transfer under the doctrine of *forum non conveniens* and because the private-interest and public-interest factors weigh strongly in favor of a transfer from Madison County to Shelby County, we reverse the trial court's denial of the defendants' motions to transfer. Additionally, pursuant to our powers granted under Supreme Court Rule 366(a)(5), we remand this case with directions that the trial court enter an order transferring this case to Shelby County, Illinois.

Reversed; cause remanded with directions.

MAAG, P.J., and GOLDENHERSH, J., concur.