2023 IL App (1st) 211564-U

No. 1-21-1564

Order filed March 13, 2023

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| OVEZMYRAT YUSUPOV and SURAY MELIKOVA, | ) ) | Appeal from the Circuit Court of |
| Plaintiffs-Appellees, | ) ) | Cook County. |
| v. | ) ) | No. 21 M3 4089 |
| SUNIL JAIN, | ) ) | Honorable Martin C. Kelley, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Hyman and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's judgment in favor of plaintiffs is affirmed where defendant failed to provide a sufficiently complete record on appeal.

¶ 2    Defendant Sunil Jain appeals *pro se* from an order of the trial court granting judgment for plaintiffs Ovezmyrat Yusupov and Suray Melikova totaling $3749 in their suit for their renter's security deposit that defendant, their landlord, retained following the expiration of their lease. On appeal, defendant argues that the trial court's order should be vacated because he provided

evidence that plaintiffs damaged the premises and left it unclean, and further, he is not subject to the Security Deposit Return Act (Act) (765 ILCS 710/1 *et seq.* (West 2020)). We affirm.

¶ 3 The record on appeal comprises a single volume of common law record from which we have gleaned the following facts and procedural history.

¶ 4 Pursuant to a residential lease agreement, plaintiffs leased premises on Cove Drive in Prospect Heights from defendant from June 1, 2020, to May 30, 2021. Plaintiffs agreed to pay a $1950 security deposit. The release of the security deposit was subject to the following terms:

"A. The full term of the Agreement has been completed.

B. No damage to the premises, buildings, and grounds is evident.

C. The entire dwelling, appliances, closets, and cupboards are clean and free from insects, the refrigerator is defrosted and clean. The range is to be clean including the racks and broiler pan, all windows are to be clean inside and outside, all debris and rubbish have been removed from the property, carpets have been commercially cleaned and left clean and odorless.

D. All unpaid charges have been paid including late charges, visitor charges, pet charges, delinquent rent, etc.

* * *

F. A forwarding address for Tenant has been left with the Landlord. Within thirty (30) days after termination of the occupancy, the Landlord will mail the balance of the deposit to the address provided by Tenant in the names of all signatories hereto; or at the Option of the Landlord will impose a claim on the deposit and so notify the Tenant."

¶ 5    The lease further stated that plaintiffs would return the premises in "moving-in clean" condition or pay a $185 cleaning fee. The lease also prohibited pets except for a maximum of 10 parakeets with a non-refundable pet deposit of $350.

¶ 6    On or about May 31, 2021, defendant sent a security deposit deduction form to plaintiffs, which informed them that various fees were being deducted from the security deposit, including a cleaning fee, pet violation fee, and fees for damages to flooring and a shelf. The fees totaled $2087.51, which exceeded the security deposit. Defendant therefore requested $127.76 from plaintiffs, representing the difference between the fees and the security deposit less $9.75 interest. On or about June 3, 2021, plaintiffs, through counsel, notified defendant that they disputed the alleged damages and charges and requested the return of their security deposit.

¶ 7    On July 29, 2021, plaintiffs filed a verified complaint against defendant seeking the return of their security deposit. Plaintiffs alleged that defendant failed to provide notice of any pet violations or damages during their rental period. Plaintiffs reported damages to the floor and the unclean condition of the premises to defendant within days of moving in. In February or March 2021, the floors "popped out" due to humidity and poor workmanship or installation, and defendant or his agent attempted to replace or repair the defective flooring during the lease term. Plaintiffs vacated the premises in or about April 2021. Plaintiffs requested judgment in their favor for twice their security deposit plus reasonable attorney fees and court costs pursuant to the Act. See 765 ILCS 710/1(c) (West 2020).

¶ 8    On August 31, 2021, defendant filed a *pro se* answer.[1] Defendant denied not providing plaintiffs written notice of the pet violation and that the floors popped out due to humidity and

_____

[1] Defendant appeared and filed all pleadings *pro se* in the trial court.

poor workmanship or installation. Defendant also denied that plaintiffs reported any damages or defects after taking possession of the premises and that the premises were unclean. Defendant stated that plaintiffs maintained possession of the property until April 30, 2021, and emphasized that plaintiffs failed to provide a forwarding address after multiple requests.

¶ 9     On November 5, 2021, after a videoconference hearing where both parties appeared, the trial court entered judgment against defendant and in favor of plaintiffs in the amount of $3749. In a written order, the court explained that the award was calculated by awarding plaintiffs $5336 and deducting $1587 for defendant's claim for damages and the cleaning fee.

¶ 10     On November 30, 2021, defendant filed a notice of appeal asking this court to vacate the November 5, 2021, order and remand for a new hearing. On December 6, 2021, defendant filed another notice of appeal asking this court to reverse the trial court's November 5, 2021, judgment and remand for a new hearing, increase defendant's award from $1587 to $2087 plus court costs, and order the trial court to review defendant's answer and the security deposit deduction form.[2]

¶ 11     On December 28, 2021, defendant moved the trial court for review and approval of an attached bystander's report, stating that the trial court clerk advised him that there was no audio recording or transcript of the hearing held on November 5, 2021. On January 14, 2022, the trial court denied the motion.[3]

---

[2] The November 30, 2021, notice of appeal was not forwarded to this court and did not receive an appeal number. The December 6, 2021, notice of appeal, which was assigned appeal number 1-21-1564, was timely filed in relation to the November 5, 2021, judgment, as December 5, 2021, the thirtieth day after the judgment, was a Sunday. See 5 ILCS 70/1.11 (West 2020); Ill. S. Ct. R 606(b) (eff. Mar. 12, 2021).

[3] The trial court's denial of the motion to review and approve the bystander's report is not at issue on appeal.

¶ 12    On November 15, 2022, this court entered an order taking this case for consideration on the record and defendant's *pro se* brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (reviewing court may decide a case on appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 13    On appeal, defendant argues that the trial court erred in (1) awarding plaintiffs two times the security deposit for his failure to return the security deposit within the time prescribed by the Act, and (2) not awarding him court costs and the pet violation fee. Defendant further maintains that the Act does not apply to him because he does not "own/rent" enough units to qualify.

¶ 14    As an initial matter, defendant's failure to fully comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs," hinders our review of his appeal. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Defendant's *pro se* status does not relieve him from complying with the appellate procedures required by our supreme court rules. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

¶ 15    Rule 341(h)(6) provides that an appellant's brief should contain a statement of "facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). The supreme court rules also provide that "[i]f no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection." Ill. S. Ct. R. 323(c) (eff. July 1, 2017). This proposed bystander's report must be submitted to the trial court for "settlement and

approval," but absent stipulation, only a report certified by the trial court may be included in the record on appeal. *Id.*

¶ 16    Defendant's brief contains a "statement of facts," but to the extent it purports to describe the proceedings on November 5, 2021, or to relate information adduced at that hearing, it is unsupported by the record on appeal. The trial court did not certify defendant's proposed bystander's report and this court may not consider the uncertified copy that was attached to the motion of December 28, 2021. *Id.*; see also *Paine, Webber, Jackson & Curtis, Inc. v. Rongren*, 127 Ill. App. 3d 85, 92 (1984) (without adequate support in the record on appeal, a "statement of facts" contained in an appellate brief cannot be considered on appeal).

¶ 17    As the appellant, defendant bears the burden of providing this court with a sufficiently complete record of the trial proceedings to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Absent a sufficiently complete record on appeal, the reviewing court must presume that the trial court entered its judgment in conformity with the law and had a sufficient factual basis. *In re Marriage of Gulla & Kanaval*, 234 Ill. 2d 414, 422 (2009).

¶ 18    Without a report of the proceedings, approved bystander's report, or agreed statement of facts, this court is unaware of the testimony, evidence, or arguments, if any, presented at the November 5, 2021, hearing and the basis for the trial court's order. Accordingly, defendant's claims are not subject to review (*Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001)), and we must presume that the trial court heard adequate evidence to support its judgment (*Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005)).

¶ 19    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 20    Affirmed.